# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

HENRY JAMES PETERS                                                    PLAINTIFF

v.                                                                    No. 4:09CV3-P-S

LAWRENCE KELLY, ET AL.                                                DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Henry James Peters, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Peters claims that the Mississippi Department of Corrections miscalculated his release date. For the reasons set forth below, the instant case shall be dismissed under the doctrine of *res judicata* and collateral estoppel.

### Factual Allegations

Henry James Peters claims that the Mississippi Department of Corrections did not compute his sentence correctly. Upon his release from incarceration, Peters was placed on "Earned Release Supervision," and during this time, he was arrested for possession of burglary tools and felony malicious mischief. These new charges constituted a violation of his supervised release, and Peters was reincarcerated to serve the rest of his sentence. Peters argues that, under the law in effect at the time of his conviction and sentence, he had served his entire sentence and was thus entitled to outright release – with no supervision. As such, he believes that he could not be reincarcerated on his previous sentence for violation terms of release.

## Discussion

Peters' claim fails for two reasons. First, the claim fails on the merits because the law simply does not comport with Peters' allegations. *See Peters v. State*, 935 So.2d 1064 (Miss. 2006). Second, Peters has already brought these claims in state court, and the Mississippi Court of Appeals has decided the issues against him. *Id*.

### *Res Judicata* and Collateral Estoppel

All of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir.

1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id. Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of the miscalculation of his sentence and any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Lawrence Kelly, Christopher Epps, and Gloria Gibbs (in their official capacities) should be dismissed.

Further, under the doctrine of issue preclusion, all of the plaintiff's claims regarding the miscalculation of his sentence must be dismissed, as a valid judgment has been entered against the plaintiff in state court in Mississippi covering this precise issue. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE